UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOT ERIC PINKERTON,<br><br>    Petitioner,<br><br>v.<br><br>DEBBIE ASUNCION, Warden,<br><br>    Respondent. | Case No. 1:17-cv-00573-LJO-MJS (HC)<br><br>**FINDINGS AND RECOMMENDATION TO GRANT RESPONDENT'S MOTION TO DISMISS**<br><br>**AND**<br><br>**TO DISMISS PETITION AS SUCCESSIVE**<br><br>**(ECF No. 12)**<br><br>**THIRTY (30) DAY OBJECTION DEADLINE** |

    Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. Debbie Asuncion, Warden of California State Prison – Los Angeles County, is hereby substituted as the proper named respondent pursuant to Federal Rule of Civil Procedure 25(d). Respondent is represented by Catherine Tennant Nieto of the California Attorney General's Office.

    Petitioner challenges the January 18, 2000 judgment of the Kern County Superior Court in Case No. SCO78429A, convicting him of assault with a deadly weapon and battery with serious bodily injury, and sentencing him to an indeterminate term of thirty-

three years to life. (Petition; Lodged Doc. 1) He contends that his plea agreement was obtained in violation of his Fourteenth Amendment due process rights and his three-strikes sentence violates Apprendi v. New Jersey, 530 U.S. 466 (2000). (Petition at 5-6.)

On June 26, 2017, Respondent moved to dismiss the petition because it is successive, was filed beyond the one-year statute of limitations set forth in 28 U.S.C. § 2244(d), and raises claims that are not cognizable. (ECF No. 12.) Plaintiff filed an opposition (ECF No. 16), and Respondent replied (ECF No. 19). The matter is submitted and stands ready for adjudication.

**I.     Relevant Procedural History**

Petitioner previously challenged the judgment in Case No. SCO78429A in this court in Pinkerton v. Yarborough, No. 1:03-cv-06061-DLB. Therein, Petitioner raised claims of juror misconduct and ineffective assistance of counsel. (Yarborough, ECF No. 25; Lodged Doc. 21.) His petition was denied.

He also challenged the judgment in Case No. SCO78429A in this court in Pinkerton v. Valenzuela, No. 1:13-cv-01283-AWI-MJS. The petition was dismissed as successive. (Valenzuela, ECF No. 15.)

**II.    Discussion**

A court must dismiss a second or successive petition that raises the same grounds as a prior petition. 28 U.S.C. § 2244(b)(1). A court must also dismiss a second or successive petition raising a new ground unless the petitioner can show that 1) the claim rests on a new constitutional right, made retroactive by the United States Supreme Court or 2) the factual basis of the claim was not previously discoverable through due diligence, and these new facts establish by clear and convincing evidence that but for the constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2244(b)(2)(A)-(B). However, it is not the district court that decides whether a second or successive petition meets these requirements; the

Petitioner must first file a motion with the appropriate court of appeals to be authorized to file a second or successive petition with the district court.

Section 2244(b)(3)(A) provides: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." In other words, Petitioner must obtain leave from the Ninth Circuit before he can file a second or successive petition in the district court. See Felker v. Turpin, 518 U.S. 651, 656-657 (1996). This Court must dismiss any second or successive petition unless the Court of Appeals has given Petitioner leave to file the petition because a district court lacks subject matter jurisdiction over a second or successive petition. Greenawalt v. Stewart, 105 F.3d 1268, 1277 (9th Cir. 1997).

The current petition was filed after April 24, 1996, and the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 therefore govern. Lindh v. Murphy, 521 U.S. 320, 327 (1997). Petitioner makes no showing that he has obtained prior leave from the Ninth Circuit to file his successive petition attacking the conviction. That being so, this Court has no jurisdiction to consider Petitioner's renewed application for relief under Section 2254 and must dismiss the petition. See Greenawalt, 105 F.3d at 1277. If Petitioner desires to proceed in bringing this petition for writ of habeas corpus, he must file for leave to do so with the Ninth Circuit. See 28 U.S.C. § 2244(b)(3).

Because this determination deprives the Court of jurisdiction over the petition, the Court need not, and does not, consider the additional grounds for dismissal raised by Respondent.

**III.    Conclusion and Recommendation**

Based on the foregoing, it is HEREBY RECOMMENDED that the petition for writ of habeas corpus be DISMISSED as successive.

The findings and recommendation are submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and

Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, the parties may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Any reply to the objections shall be served and filed within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: October 7, 2017    /s/ *Michael J. Seng*
UNITED STATES MAGISTRATE JUDGE